THOMAS P. RILEY, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030

Tel:  626-799-9797
Fax: 626-799-9795

**Attorneys for Plaintiff
J & J Sports Production, Inc.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| J & J Sports Productions, Inc., | Case No. 4:08-CV-01868-SBA |
|---|---|
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | FOR:   Hon. Saundra Brown Armstrong |
| Marco Antonio Martinez, et al. | DATE: **July 14, 2008** |
| Defendants. | TIME:  **4:00 PM** |

Pursuant to this Court's Civil Local Rule, the Parties submit this Case Management Conference Statement for the consideration of this Honorable Court

Wherefore, the Parties make the following representations and recommendations:

**1.      Statement of Facts and Events Underlying This Action.**

Plaintiff, J & J Sports Productions, Inc., claims that the Defendant, Marco Antonio Martinez, misappropriated a televised professional boxing program to which the Plaintiff owned the exclusive commercial exhibition rights and thereafter exhibited the P*rogram* at the commercial establishment (Los Caballos Bar & Grill) in Santa Rosa, California which he operates.  The subject *Program*, allegedly broadcast on Saturday, April 9, 2005, was the *Marco Antonio Barrera III v. Mzonke Fana World Super Featherweight Championship Fight Program* (hereinafter "*Program"*).

Defendant claims he operates a bar that does not offer television viewing of any type to its patrons and that is not a subscriber to cable television. Defendant thus denies exhibition of the *Program* and claims that the investigator who informed Plaintiff of the exhibition is mistaken about the identity of the bar he allegedly entered. Defendant contends that Plaintiff's investigator, contrary to the standard in the industry, did not take video of alleged exhibition in defendant's bar or gather objective evidence of having visited the bar. Further, to date, Plaintiff has not produced a cable invoice or receipt indicating that Defendant in fact ordered the program for display of any type in the bar.

Plaintiff disputes the forgoing claims and denials of the Defendant. Plaintiff further disputes Defendant's suggestion that there is a "standard in the industry" concerning signal piracy investigations, as well as Defendant's contention that "objective evidence" was not gathered by the investigator, and the characterization of the investigator as "Plaintiff's investigator." Lastly, Plaintiff objects the Defendant's suggestion to the Court that it "has not produced a cable invoice or receipt indicating that Defendant in fact ordered the program for display of any type in the bar" within this statement, for the simple fact:

a) The Plaintiff is *not* required to show proof of payment for programming allegedly unlawfully exhibited to meet its burden of proof under *any* of the three causes of action set forth in the Plaintiff's complaint;

b) This case has only recently commenced. To date there's been no discovery conducted, nor disclosures made by either side. As such, to date, Plaintiff has had no legal right to obtain, much less produce the very recordkeeping, if any, the Defendant now complains of. Interestingly enough, the Defendant himself has, to date, failed to produce *any* evidence whatsoever in support of his own claim that he, "operates a bar that does not offer television viewing of any type to its patrons and that is not a subscriber to cable television."

**2.     The Principal Factual Issues to Which the Parties Dispute.**

The Defendant disputes the factual contentions concerning the exhibition of the *Program* as alleged by the Plaintiff in its complaint.

///

**3.     The Principal Legal Issues to Which the Parties Dispute.**

The Defendant denies liability under the causes of action and legal theories pled in Plaintiff's complaint.

The Plaintiff disputes the Defendant's affirmative defenses, each of them.

**4.     Other Factual Issues Which Remain Unresolved.**

In that this matter has only recently commenced the Parties are unaware at this time of which particular factual issues remain unresolved.

**5.     The Following Defendant Has Not Been Served:**

All defendant parties have been duly served.

**6.     Consent to Jurisdiction By a Magistrate Judge**

At this time the Parties do *not* consent to a Court trial presided over by a magistrate judge.

**7.     Alternative Dispute Resolution**

The Parties propose a settlement conference before a U.S. District Court Magistrate Judge as the ADR process in this action.

**8.     Disclosures**

The Parties have agreed to exchange initial disclosures by and through their counsel on or before July 7, 2008.

**9.     Discovery**

The Parties respectfully request that the discovery in this action not be limited nor conducted in phases. The Parties propose a discovery cut off date of October 1, 2009.

///

///

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
2:08-CV-00311-WDK-FMO
PAGE 3

**10.	Proposed Pre-trial and Trial Schedule**

The Defendant has demanded a jury trial. Unless the jury trial demand is withdrawn, Plaintiff will oppose the Defendant's jury trial demand by way of a formal motion. Should a trial in this matter become necessary, the Parties believe such could be conducted in two (2) to three (3) days. The Parties propose a trial date to commence in December 2009.

**Signature and Certification By Lead Trial Counsel**

Pursuant to Civil L.R. 16-12, the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the Court and private entities and has considered whether their case might benefit from any of the available dispute resolutions options.

Date:	July 7, 2008		*/s/ Thomas P. Riley*
				**LAW OFFICES OF THOMAS P. RILEY, P.C.**
				By: Thomas P. Riley
				Attorneys for Plaintiff
				J & J Sports Productions, Inc.

Date:

				**HATCHER & RUNDEL**
				By: William W. Hatcher, Jr.
				Attorney for Defendant
				Marco Antonio Martinez

Date:

				**AARON & WILSON, LLP**
				By: Timothy C. Wilson
				Attorney for Defendant
				Marco Antonio Martinez

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
2:08-CV-00311-WDK-FMO
PAGE 4

**Case Management Order (Proposed)**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the Parties are ordered to comply with this Order.

In addition the Court orders:

Dated: _____

**The Honorable Saundra Brown Armstrong**
**United States District Court Judge**
**Northern District of California**

LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

# PROOF OF SERVICE (SERVICE BY FAX AND ELECTRONIC MAIL)

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On July 7, 2008 I served:

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

On all parties in said cause by faxing same to the Defendant's counsel at the following fax number(s) and email address(es):

| | |
|---|---|
| Mr. William W. Hatcher, Jr. Esquire<br>**HATCHER & RUNDEL**<br>114 Pierce Street<br>Santa Rosa, CA 95404<br>Fax: (707) 545-0220<br>Email: whatcher@sonic.net | Attorneys for Defendant<br>Marco Antonio Martinez |
| Mr. Timothy C. Wilson Esquire<br>**AARON & WILSON, LLP**<br>150 Post Street, Ste. 400<br>San Francisco, CA 94108<br>Fax: (415) 438-7808<br>Email: tcwilson@aaron-wilson.com | Attorneys for Defendant<br>Marco Antonio Martinez |

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 7, 2008, at South Pasadena, California.

Dated: July 7, 2008                                                                  */s/ Terry Houston*
                                                                                              **TERRY HOUSTON**